OPINION — AG — QUESTION 1: ARE THESE ENACTMENTS CONSTITUTIONAL, WITH SPECIFIC REGARD TO THE AUTHORITY OF THE LEGISLATURE TO LOAN THE MONEY OF THE VARIOUS COURT FUNDS TO A STATE REVOLVING FUND? — YES, IT IS CONSTITUTIONAL. QUESTION 2: WOULD A COURT CLERK WHO FOLLOWS THE DIRECTIONS OF THESE ACTS AND MAKES SUCH PAYMENTS FROM THE COURT FUND BE PERSONALLY LIABLE FOR AN UNLAWFUL EXPENDITURE OF PUBLIC FUNDS? — A COURT CLERK WHO COMPLIES WITH THE PROVISIONS OF SAID ACTS WOULD NOT BE MAKING AN UNLAWFUL EXPENDITURE OF PUBLIC FUNDS. QUESTION 3: HOW LONG ARE SUCH EXPENDITURES FROM THE COURT FUND TO CONTINUE? — SUCH EXPENDITURES FROM THE COURT FUND TO PAY PORTIONS OF SALARIES OF COURT REPORTERS ARE TO CONTINUE, UNDER THE PROVISIONS OF SECTION 3 OF HB NO. 568 AND SECTION 4 OF SENATE BILL NO. 90 QUESTION 4: WHO IS TO MAKE THE DETERMINATION AS TO WHEN THE AMOUNT IN THE REVOLVING FUND IS SUFFICIENT TO PAY A PORTION OF THE SALARIES OF COURT REPORTERS AND TO REIMBURSE COURT FUND? — WE ASSUME IN THIS REGARD THE STATE TREASURER WILL REQUEST FROM THE VARIOUS DISTRICT AND SUPERIOR COURTS AND THE CLERKS THEREOF THE INFORMATION NECESSARY TO MAKE SUCH DETERMINATION. LIKELY THIS INFORMATION WILL REVEAL THE TOTAL AMOUNT PAID MONTHLY FROM THE VARIOUS COURT FUNDS TO AUGMENT THE SALARIES OF COURT REPORTERS, AS WELL AS THE AVERAGE TOTAL MONTHLY AMOUNTS OF MONEY HE CAN EXPECT TO BE ADDED TO THE REVOLVING FUND FROM THE REPORTER'S FEE PROVISIONS OF HOUSE BILL NO. 704 QUESTION 5: ARE THE REIMBURSEMENT PROVISIONS OF SAID ACTS SO VAGUE AS TO MAKE COMPLIANCE WITH THE SAME IMPOSSIBLE? — NO QUESTION 6: CAN YOU OUTLINE A PROCEDURE WHICH THE COURT CLERK CAN FOLLOW THE MAKE THESE ACTS EFFECTIVE AND STILL NOT BECOME PERSONALLY LIABLE? — THE ATTORNEY GENERAL ADVISES MERELY THAT THE COURT CLERK FOLLOW THE PROCEDURAL DIRECTIVES TO THESE ACTS. CITE: 74 O.S. 1961 362 [74-362], (CHARLES OWENS)